UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

SHOUNDA MARIE EDWARDS-PAYTON                CIVIL ACTION

VERSUS                                      NO: 11-00191

SHANTEL WILLIAMS, ET AL                     SECTION: R(3)

**ORDER AND REASONS**

Before the Court is defendant Orleans Parish Criminal Sheriff's Office's motion to dismiss a party.[1]  The motion is unopposed.  For the following reasons, the motion is GRANTED.

I.  **BACKGROUND**

This case arises out of a dispute between plaintiff, Shounda Edwards-Payton, and defendant, Shantel Williams.  On January 29, 2010, plaintiff and Williams attended a Zulu Social Aid and Pleasure Club function held at Club Metro.  At about one in the morning on January 30, 2010, plaintiff and Williams got into an argument that led to a physical altercation.  Plaintiff alleges that "[a]s the chaos began to subside,"[2] a security guard at Club Metro forced her to leave.  Later, plaintiff went to the Third District Police Station to file charges against Williams.

---

[1]    R. Doc. 12.

[2]    R. Doc. 1.

Plaintiff alleges that she was unable to do so, and she, herself, was charged with aggravated battery.  Plaintiff contends that Sergeant Short and Corporal Racadio, the officers who filed the report of the incident, knew the allegations were false.  She asserts that they charged plaintiff with the offense because of Williams' relationship with the Orleans Parish Criminal Sheriff's Office.

On January 28, 2011, plaintiff filed a complaint in district court for malicious prosecution, libel, slander, intentional infliction of emotional distress, negligence for failing to provide adequate security, and conspiracy to harass, assault, batter and maliciously prosecute plaintiff.[3]  Plaintiff named Shantel Williams, the Zulu Social Aid and Pleasure Club, Club Metro, Sergeant Short, Corporal Racadio and the Orleans Parish Criminal Sheriff's Office as defendants.  The Orleans Parish Criminal Sheriff's Office's motion to dismiss the Office as a party is now before the Court.

## II.  STANDARD

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts "to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1960 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

---

[3]     *Id.*

(2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 129 S.Ct. at 1949.

A legally sufficient complaint must establish more than a "sheer possibility" that plaintiff's claim is true. *Id.* It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Id.* In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim. *Lormand*, 565 F.3d at 257. If there are insufficient factual allegations to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, the claim must be dismissed. *Twombly*, 550 U.S. at 555; *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Carbe v. Lappin*, 492 F.3d 325, 328 & n.9 (5th Cir. 2007).

**III. DISCUSSION**

The Orleans Parish Criminal Sheriff's Office argues that it must be dismissed as a party because it is not a juridicial entity capable of suing or being sued. Rule 17(b) of the Federal Rules of Civil Procedure provides that the capacity to sue or be sued is determined by "the law of the state where the court is located." FED. R. CIV. P. 17(b). Under Louisiana law, "[i]t is well settled...that a Sheriff's Department is not a legal entity capable of being sued." *Valentine v. Bonneville Ins. Co.*, 691 So.2d 665, 668 (La. 1997); *see also Ferguson v. Stephens*, 623 So.2d 711, 714 (La. Ct. App. 1993) (finding that a Sheriff's Office is not a legal entity capable of being sued). Indeed, "[t]he law of Louisiana affords no legal status to the 'Parish Sheriff's Department' so that the department can sue or be sued, such status being reserved for the Sheriff." *Id.* (citing *Liberty Mut. Ins. Co. v. Grant Parish Sheriff's Dep't*, 350 So.2d 236, 238(La. Ct. App. 1977)); *see also Warren v. New Orleans Police Dep't*, 1992 WL 233786, at *2 (E.D. La. Sept. 2, 1992)("Louisiana affords no legal status to the 'Orleans Parish Criminal Sheriff's Department' such that it can sue or be sued."). Accordingly, plaintiff's claims against the Orleans Parish Criminal Sheriffs Office must be dismissed as the Orleans Parish Criminal Sheriff's Office is not a proper party defendant to this action.

**IV.  CONCLUSION**

For the foregoing reasons, the Orleans Parish Criminal Sheriff's Office motion to dismiss is GRANTED.

New Orleans, Louisiana, this 16th day of August, 2011.

_____

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE